**DEREK D. GREEN, OSB #042960**
Email: derekgreen@dwt.com
**ALICIA J. LEDUC, OSB #173963**
Email: alicialeduc@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**MATHEW W. DOS SANTOS, OSB #155766**
E-mail: mdossantos@aclu-or.org
**KELLY K. SIMON, OSB #154213**
E-mail: ksimon@aclu-or.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON**
P. O. Box 40585
Portland, Oregon 97240
Telephone: (503) 227-6928

Attorneys for Plaintiff American Civil Liberties Union of Oregon

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### AT PORTLAND

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF OREGON,**<br><br>    **PLAINTIFF**,<br><br> v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY;** and **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**<br><br>    **DEFENDANTS**. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

## <u>INTRODUCTION</u>

1. The American Civil Liberties Union of Oregon ("Plaintiff" or "ACLU of Oregon") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to obtain injunctive and other appropriate relief requiring Defendants U.S.

Page 1 – COMPLAINT FOR DEC. & INJ. RELIEF FOR VIOLATION OF FOIA 5 U.S.C. § 552 et seq.

Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") to respond to a FOIA request submitted by Plaintiff on October 10, 2017 ("Request"), and to promptly disclose the requested records. A true and correct copy of the Request is attached as Exhibit 1.

2.      As described therein, the Request seeks records concerning ICE practices of monitoring, detaining and arresting individuals on suspicion of immigration violations at and around state courthouses within Oregon. It also seeks records related to ICE surveillance of people exercising their First Amendment rights as legal observers filming federal immigration agents or as participants in rallies, protests and vigils in the vicinity of courthouses in Oregon during the relevant time periods specified in the Request.

3.      ACLU of Oregon issued the Request in response to troubling public accounts of ICE practices and enforcement actions under the current federal Administration at and around state courthouses. On January 30, 2017, ICE confirmed to the media that agents were making arrests at courthouses in Oregon.[1] Eyewitness accounts related that ICE agents were undercover, in plainclothes and unmarked vehicles, and were stopping and questioning individuals based on their race.[2]

4.      Through legal observers, media coverage and individual complaints to the ACLU of Oregon, Plaintiff and the public have become increasingly aware of and concerned about the detrimental effects of ICE enforcement actions in and around Oregon courthouses. In response, the ACLU of Oregon has dispatched ICE Legal Observers to various courthouses to document such activities.

5.      In one particular instance on September 18, 2017, a group of interfaith leaders

---

[1] Conrad Wilson & Phoebe Flanigan, *ICE Confirms Portland Officials' Fears About Immigration Arrests At Courthouse*, OPB (Jan. 30, 2017), http://www.opb.org/news/article/portland-ice-immigration-arrests-multnomah-county-courthouse/

[2] *Id.*

Page 2 – COMPLAINT FOR DEC. & INJ. RELIEF FOR VIOLATION OF FOIA 5 U.S.C. § 552 et seq.

held a vigil outside of the Washington County courthouse in Hillsboro, Oregon, where they declared that ICE's presence at the courthouse is hurting their community. ACLU of Oregon staff and volunteers were present at the vigil. ACLU of Oregon's ICE Legal Observers were also present in and around the courthouse, as they had been for months prior.

6.      While the vigil was occurring nearby, multiple agents in plain clothes and unmarked vehicles surrounded two individuals, both United States citizens, and – while refusing to announce the agents' identities or agency affiliation – insisted that the individuals identify themselves. The agents showed the two individuals a photograph of a person and asserted that it was a picture of the man being stopped. According to the man detained for interrogation, the only element he had in common with the man in the photograph was the color of his skin.

7.      That same day, ACLU of Oregon representatives witnessed those same ICE agents photographing and surveilling people attending the vigil at the courthouse, a "sensitive location" according to ICE policy memoranda.[3]

8.      Oregon, as well as communities throughout the United States, took serious interest in the events on September 18, 2017. Local news outlets, a number of whom were present during the vigil, began reporting on the issue that same day. Soon thereafter, local and national media outlets were sharing the video that ACLU of Oregon disseminated of the events.[4] Oregon's congressional representatives called upon ICE to investigate its officers and apologize

---

[3] U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, OFFICE OF THE DIRECTOR, POLICY NO. 10029.2, ENFORCEMENT ACTIONS AT OR FOCUSED ON SENSITIVE LOCATIONS (Oct. 24, 2011), https://www.ice.gov/doclib/ero-outreach/pdf/10029.2-policy.pdf.

[4] See, e.g., Everton Bailey Jr., *ICE Agents Mistakenly Try to Grab Latino County Worker Near Courthouse*, THE OREGONIAN (Sept. 19, 2017), http://www.oregonlive.com/hillsboro/index.ssf/2017/09/ice_mistakenly_tries_to_grab_l.html; FOX 12 Staff, *OR Lawmakers Call on ICE to Investigate Questioning of Hispanic Man Outside Courthouse*, KPTV (Sept. 20, 2017), http://www.kptv.com/story/36415316/or-lawmakers-call-on-ice-to-investigate-questioning-of-hispanic-man-outside-courthouse; Suzanne Gamboa, *U.S. Citizen Questioned by ICE Blames 'Hatred to Latinos,'* NBC NEWS (Sept. 21, 2017), https://www.nbcnews.com/news/latino/u-s-citizen-questioned-ice-blames-hatred-latinos-n803511; NOW THIS NEWS (SEPT. 22, 2017), https://www.facebook.com/NowThisNews/videos/1714759568555526/ (receiving 6.3 million views on its Facebook post of ACLU of Oregon's video).

Page 3 – COMPLAINT FOR DEC. & INJ. RELIEF FOR VIOLATION OF FOIA 5 U.S.C. § 552 et seq.

to the man and his wife who were wrongly suspected of violating immigration laws. Representatives from other states followed suit.

9.      Disclosure of the records Plaintiff seeks through this action will help facilitate the public's understanding of how Defendants have implemented and enforced federal policy. It will also aid the public's understanding of how public officials are conducting themselves, in order to assess whether such conduct is consistent with the values and laws of the Constitution.

10.     This action is necessary because Defendants have not provided the requested records to which Plaintiff and the public are entitled.

## JURISDICTION

11.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. § 1331.

## VENUE

12.     Venue in the District of Oregon is proper under 5 U.S.C. § 552(a)(4)(B) as the requested agency records are, upon information and belief, situated within this District at ICE facilities at or near the ICE Portland Sub-Office, 1220 SW Third Avenue, Suite 300, Portland, Oregon, 97204, and Plaintiff's principal place of business is in the District of Oregon. For the same reasons, venue also is proper under 28 U.S.C. § 1391(e).

13.     Assignment to the Portland Division is proper under District of Oregon LR 3-2 Divisions of Court because the ICE Portland Sub-Office, DHS, and the ACLU are all located in Multnomah County, which falls within the divisional venue of the Portland Division.

## PARTIES

14.     Plaintiff is a nonprofit, 501(c)(4) membership organization that educates the public about the civil liberties implications of government practices and proposed local, state and federal policies and legislation, provides analysis of such practices and policies, directly lobbies elected officials, and mobilizes its members and supporters to lobby their elected officials.

Page 4 – COMPLAINT FOR DEC. & INJ. RELIEF FOR VIOLATION OF FOIA 5 U.S.C. § 552 et seq.

Plaintiff regularly disseminates information about the impact of government practices and policies on constitutional rights to over 43,000 members and supporters.

15.    Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

16.    Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of DHS and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

17.    Plaintiff is informed and believes that Defendants have possession, custody or control of the requested records.

## FACTS

18.    On October 10, 2017, Plaintiff sent the Request to ICE's Portland Sub-Office and to ICE's FOIA Office at ICE Headquarters.

19.    The Request sought copies of records concerning ICE enforcement actions in and near Oregon's courthouses, in addition to specific records related to events near the Washington County courthouse in Hillsboro, Oregon on September 18, 2017.  The Request expressly noted that "ICE has an obligation to search all field offices and sub-offices that are reasonably expected to produce any relevant information."[5]  Exhibit 1 at 6.

20.    Specifically, the Request sought the following:

> 1) Records created or received in the Seattle Field Office or any ICE offices or suboffices in Oregon on or after January 20, 2017, regarding immigration enforcement actions in or near Oregon courthouses.

> 2) Records concerning the number of individuals who have been detained, arrested or otherwise subject to questioning by ICE agents or any officials working in cooperation with ICE in or near

---

[5] *Citing Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) (agency not required to search all of its field offices because request did not ask for a search beyond the agency's central files); *Am. Immigration Council v. U.S. Dep't of Homeland Sec.*, 950 F. Supp. 2d 221, 230 (D.D.C. 2013).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

an Oregon courthouse dating back to January 1, 2017.

3) Records concerning policies, guidelines, and standards of conduct for officers conducting enforcement actions at or near courthouses, including but not limited to policies about selection of enforcement targets, clothing worn by agents during arrests, in particular, uniforms, display of name and/or badges, providing identification, production of warrants, presence of warrants, use of vehicles and responding to questions raised by those being detained, questioned, arrested and/or witnesses thereto.

4) Records concerning policies, guidelines, and standards of conduct related to discrimination, race-based or otherwise, for officers conducting enforcement actions.

5) All records regarding compliance with 8 U.S.C. § 1229(e), including internal policies.

6) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employee(s) working in an Oregon county's district attorney's office and any ICE employee(s) working in (physically or virtually) Oregon.

7) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employee(s) working in Oregon's judicial branch and any ICE employees(s) working in (physically or virtually) Oregon.

8) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employees working for an Oregon law enforcement agency and any ICE employee(s) working in Oregon.

9) All records concerning activities and enforcement action(s) of ICE agents or officials working in Hillsboro, Oregon on September 18, 2017.

10) All records created by ICE agents or officials that were deployed to, worked in, present in Hillsboro, Oregon on September 18, 2017, including, but not limited to, photographs, videos, reports, notes, documents, etc., including but not limited to, records relating to both the questioning of the two United States citizens stopped by ICE agents as well as the video surveillance of ACLU ICE Legal Observers and the vigil.

11) All communications with or records sent from any ICE official

Page 6 – COMPLAINT FOR DEC. & INJ. RELIEF FOR VIOLATION OF FOIA 5 U.S.C. § 552 et seq.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

> to any other federal government agency or official with
> information from, about or related to events or persons at the
> Washington County courthouse(s) and/or in Hillsboro, Oregon on
> September 18, 2017.

Exhibit 1 at 5-6.

21.    The Request included an application for expedited processing, on the grounds that

there is a "compelling need" for these records under 5 U.S.C. § 552(a)(6)(E)(v)(II) because the

information requested is "urgent[ly]" needed by an organization primarily engaged in

disseminating information "to inform the public concerning actual or alleged Federal

Government activity."  Exhibit 1 at 7.

22.    The Request provided detail showing that the ACLU of Oregon is primarily

engaged in disseminating information within the meaning of 5 U.S.C. § 552(a)(6)(E)(v), given

that a critical and substantial aspect of the ACLU of Oregon's mission is to obtain information

about government activity, analyze that information, and publish and disseminate that

information widely to the press and public.  Exhibit 1 at 7-9.  The Request also included

examples of the ACLU of Oregon's information-dissemination function.  Exhibit 1 at 9-10.

23.    The Request further included an application for a fee waiver or limitation under

5 U.S.C. § 552(a)(4)(A)(iii), and a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II).

Exhibit 1 at 9-11.

24.    ICE received the Request on October 10, 2017.  *See* Exhibit 2.

25.    ICE provided a preliminary response on October 23, 2017, assigning the Request

reference number 2018-ICFO-03359.  *See* Exhibit 3.

26.    In the preliminary response, ICE conditionally granted Plaintiff's fee waiver

request and confirmed that ICE had "queried the appropriate program offices within ICE for

responsive records."  ICE also invoked a 10-day extension to the Request, citing 5 U.S.C.

§ 552(a)(6)(B).  *See* Exhibit 3.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

27.    ICE's preliminary response denied Plaintiff's request for expedited processing. *See* Exhibit 3.  Four days later, however, on October 27, 2017, ICE sent Plaintiff a follow-up communication notifying Plaintiff that the request for expedited processing was granted.  *See* Exhibit 4.

28.    ICE's October 27, 2017 communication again confirmed that "ICE has queried the appropriate program offices within ICE for responsive records. . . .  Please be assured that one of the processors in our office will respond to your request as expeditiously as possible." *See* Exhibit 4**.**

29.    On November 14, 2017, ICE issued a "Clarification Request" to Plaintiff.  The ICE communication stated:

> In conducting a search for responsive records, the ICE FOIA office has determined that further clarification is needed regarding your request. During the search for responsive records, the program office found that the communication requests are too broad. Specifically, what type of communications are you requesting and please identify the subject of the communication.  Please provide the ICE FOIA office with a response as soon as possible to avoid further delay in the processing of your request.  If a response is not received within 30 days, your request will be administratively closed.

*See* Exhibit 5.

30.    Plaintiff responded to ICE's communication on November 17, 2017, disagreeing with ICE's conclusion that the portion of the Request related to certain communications was "too broad."  *See* Exhibit 6.  Plaintiff's response further indicated that it construed ICE's actions to be a denial of the Request, and that the ACLU of Oregon was, accordingly, administratively appealing that decision.  Plaintiff's response stated: "While we appreciate ICE FOIA's reversal of its denial of expedited processing, the ACLU also notes that ICE FOIA's deadline for providing responsive documents under a non-expedited schedule was November 9, 2017. As such, please consider this letter to be an appeal of the denial of the ACLU's request and untimely

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

response thereto." *See* Exhibit 6.

31.    Plaintiff further requested that "[p]er 8 C.F.R. § 5.8, please provide to the ACLU within 20 working days, i.e. by December 15, 2017, responsive documents or a denial of this appeal.  Failure to respond will necessitate court review." *See* Exhibit 6.

32.    ICE received Plaintiff's response to the clarification request and administrative appeal on November 17, 2017.  *See* Exhibit 7.

33.    After receiving no reply from ICE to Plaintiff's November 17, 2017 appeal, in a further good faith attempt to obtain records without resorting to litigation, Plaintiff again wrote to ICE inquiring about the Request's status on January 2, 2018:

> I am writing on behalf of the ACLU of Oregon to inquire as to the status of case number 2018-ICFO-03359. The ACLU of Oregon submitted its original request on October 10, 2017, which I understand created a non-expedited deadline of November 9, 2017, to provide responsive documents. ICE did not meet that deadline despite granting the ACLU of Oregon's request for expedited processing. On November 17, 2017, the ACLU of Oregon submitted an appeal. I understand that ICE's timeline for responding to administrative appeals is 20 working days.  Given that that deadline has also passed, the ACLU of Oregon respectfully requests to be provided with an estimate as to when responsive documents or a response to the appeal can be expected.

*See* Exhibit 8.

34.    ICE received Plaintiff's communication on January 2, 2018.  *See* Exhibit 9.

35.    Despite having granted expedited processing for Plaintiff's Request, on February 7, 2018, ICE responded to Plaintiff's January communication stating that Plaintiff's Request "is currently in the queue to be processed," but that cases are processed "on a first in, first out basis" and that the process is taking longer than normal.  *See* Exhibit 10.

36.    As of the filing date of this Complaint, Defendants have not provided a substantive response to Plaintiff's Request or administrative appeal, and have not produced any documents.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

37.    As of February 7, 2018, more than 20 days (excepting Saturdays, Sundays and legal public holidays) have elapsed since ICE received the original Request, and more than 20 days (excepting Saturdays, Sundays and legal public holidays) have elapsed since Plaintiff submitted its November 17, 2017 administrative appeal.

38.    Because Defendants failed to comply with the provisions of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Violation of FOIA for Failure to Make Records Available

39.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 above, inclusive.

40.    Plaintiff has a legal right under FOIA to obtain the specific agency records requested on October 10, 2017, and there exists no legal basis for Defendants' failure to promptly make the requested records available to Plaintiff, its members, and the public.

41.    Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

42.    On information and belief, Defendants currently have possession, custody, or control of the requested records.

WHEREFORE, Plaintiff requests that the Court award them the following relief:

A.    Declare that Defendants violated FOIA by unlawfully withholding the requested records;

B.    Order Defendants to immediately disclose the requested records to the public and make copies immediately available to Plaintiff without charge for any search or duplication fees, or, in the alternative, provide for expedited proceedings to adjudicate Plaintiff's rights under FOIA;

C.    Award Plaintiff its reasonable costs and attorneys' fees; and

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

D.       Grant such other relief as the Court may deem just and proper.

DATED this 7th day of February, 2018.

DAVIS WRIGHT TREMAINE LLP

By:s/DEREK D. GREEN
  **Derek D. Green, OSB #042960**
  Email:  derekgreen@dwt.com
  Telephone:  (503) 778-5264
  **Alicia J. LeDuc, OSB #173963**
  Email:  alicialeduc@dwt.com
  Telephone:  (503) 778-5236
  Facsimile:   (503) 778-5299

  **AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION OF OREGON**
  **Mathew W. dos Santos, OSB #155766**
  Email:  mdossantos@aclu-or.org
  Telephone:  (503) 552-2105
  **Kelly Simon, OSB #154213**
  Email:  ksimon@aclu-or.org
  Telephone:  (503) 444-7015

  Attorneys for Plaintiff American Civil Liberties
Union of Oregon

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax