| | |
|---|---|
| **From:** | Kelly Simon <KSimon@aclu-or.org> |
| **Sent:** | Friday, November 17, 2017 3:18 PM |
| **To:** | ice-foia@dhs.gov |
| **Cc:** | Mat dos Santos |
| **Subject:** | Freedom of Information Act Appeal - Case Number 2018-ICFO-03359 |
| **Attachments:** | 2017 11 17 ACLU OR ICE FOIA Admin Appeal - Case No 2018-ICFO-03359.pdf |

To Whom It May Concern:

Please see the attached FOIA appeal for case number 2018-ICFO-03359.

Sincerely,

**Kelly Simon** (she/her)
Staff Attorney
ACLU of Oregon
PO Box 40585, Portland, OR 97240
■ o 503.444.7015
■ ksimon@aclu-or.org
www.aclu-or.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*



**SENT VIA E-MAIL**

November 17, 2017

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20535-5009
ICE-FOIA@dhs.gov

RE:   Freedom of Information Act Appeal - Case Number 2018-ICFO-03359

To Whom It May Concern:

    I write in response to your e-mail dated November 14, 2017 regarding our Freedom of Information Act ("FOIA") request dated October 10, 2017 (the "Request"). In that e-mail, ICE FOIA requests that the American Civil Liberties Union of Oregon ("ACLU") provide "further clarification" because "the [ACLU's] communication requests are too broad." More specifically, ICE FOIA wants to know "what type of communications are [ACLU] requesting" and requests that the ACLU also "identify the subject of the communication."

    We respectfully disagree with your determination that the Request for communications is too broad. The Request includes the information you seek. Here are the communications requests that were submitted:

1) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employee(s) working in an Oregon county's district attorney's office and any ICE employee(s) working in (physically or virtually) Oregon.

2) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employee(s) working in Oregon's judicial branch and any ICE employees(s) working in (physically or virtually) Oregon.

3) Communications—from January 1, 2017, through the date of fulfilling this request—between any public employees working for an Oregon law enforcement agency and any ICE employee(s) working in Oregon.

4) All communications with or records sent from any ICE official to any other federal government agency or official with information from, about or related to events or persons at the Washington County courthouse(s) and/or in Hillsboro, Oregon on September 18, 2017.

All the requests are limited by time. Subject matter has been provided where ACLU intended to limit the request to a particular subject matter. Parties to the communications are provided where the request does not desire to limit the subject matter but would like to see records of *all* communications between the stated parties.

Further, the ACLU does not wish to limit the Request to any specific type of communication. The ACLU wants *all* communications for which there are records between the parties specified and/or the subject matter identified. "Communication" should mean any disclosure, transfer, exchange, or transmission of fact, information, advice, statement, or opinion by means whatsoever, including, but not limited to, oral, electronic, or written transmission. As the term "communication" suggests, that may include, but is not limited to, e-mails, text messages, letters, facsimile, social media messages, and/or communications exchanged using platforms such as Snapchat, WhatsApp, iMessage, Facebook, Twitter, Instagram, Google, etc.

The Request satisfies 8 C.F.R. § 5.3(b) by specifically identifying (1) the parties whose communications are of interest; (2) the specific subject matter of those communications where known and relevant; and (3) the date range for those communications. The ACLU believes that any such communications likely were created by or are in the control of the Seattle Field Office, Portland Sub-Office, and the individual ICE employees working in Oregon. But because the ACLU does not know which DHS components or offices may possess these records, we do not limit our request to these components and offices at this time.

While we appreciate ICE FOIA's reversal of its denial of expedited processing, the ACLU also notes that ICE FOIA's deadline for providing responsive documents under a non-expedited schedule was November 9, 2017. As such, please consider this letter to be an appeal of the denial of the ACLU's request and untimely response thereto.

Per 8 C.F.R. § 5.8, please provide to the ACLU within 20 working days, i.e. by December 15, 2017, responsive documents or a denial of this appeal. Failure to respond will necessitate court review.

Sincerely,

Mat dos Santos, Legal Director